UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roslyn Holman, | ) C/A No.: 4:09-1634-CWH-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Terry L. Wooten; | ) |
| Thomas E. Rogers, III; | ) |
| Shari L. Stefano; | ) Report and Recommendation |
| Diana Gribbon Motz; | ) for Partial Summary Dismissal |
| Roger L. Gregory; | ) |
| Allyson K. Duncan; | ) |
| James William Logan Jr., Logan Jolly & Smith, LLP; | ) |
| Cindy Lee Brunink/Brunink Transcription Services, | ) |
| all in their individual and official capacities; | ) |
| Clemson University, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The Plaintiff's complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[1]  *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000). *See also  Mallard v. United States District Court for the Southern*

---

[1] Authority in this District indicates that pre-screening, under 28 U.S.C. § 1915, is inapplicable in *pro se,* non-prisoner, fee-paid cases. *See Bardes v. Magera*, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134 at *8-10 (D.S.C. June 25, 2008) (finding persuasive the Sixth Circuit's opinion in *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999), that § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*);  *Key v. United States Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order)(finding that a *pro se* non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915 applies to the case). This Court is *not* conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2).

1

*District of Iowa*, 490 U.S. 296, 307-308 (1989) (mentioning in *dicta* that "[s]tatutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Pillay v. INS*, 45 F.3d 14, 16-17 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable, however, the Court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous"); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004) (finding it appropriate to dismiss *sua sponte* and with prejudice a fee-paying *pro se* plaintiff's action when the claims presented no arguably meritorious issue to consider); *Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000) (dismissing a non-prisoner *pro se* fee-paid civil action that presented no arguably meritorious claim).

As the Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Further, the requirement of liberal construction does not allow the court to ignore a clear failure in

the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff filed the instant fee-paid civil action on June 23, 2009. (Docket Entry No. 1). Plaintiff alleges that Defendant Thomas E. Rogers, III., a federal Magistrate Judge, "commenced a conspiracy against Plaintiff's federal statutory and constitutional rights that begun with the scheduling of a pretentious and unwarranted Motion Hearing for October 2, 2006" in Case Action Number (C/A No.) 4:05-2727-TLW-TER.[2] (Plaintiff's complaint, page 5, ¶ 2). Plaintiff further claims Defendant Rogers conspired to illegally produce an official transcript and audio recording of the October 2nd hearing and committed various other forms of judicial misconduct during litigation of C/A No. 4:05-2727-TLW-TER. (Plaintiff's complaint, page 8, ¶ 13). On August 1, 2007, Judge Rogers signed a Report and Recommendation recommending that Plaintiff's motion for summary judgment be denied and that Defendant Clemson University's motion for summary judgment be granted. Plaintiff claims this Report and Recommendation was "wholly bias, deficient, misrepresented, speculative and affirmatively controverted by the entire evidential record." (Plaintiff's complaint, page 10, ¶ 18).

Plaintiff also names Terry L. Wooten, a federal District Judge, as a Defendant in the instant action. Plaintiff claims Defendant Wooten, the District Judge assigned to C/A No. 4:05-2727-TLW-TER, denied several of Plaintiff's motions and ultimately dismissed Plaintiff's employment discrimination claim. (Plaintiff's complaint, page 35, ¶ 97). Plaintiff alleges Defendant Wooten

---

[2] Plaintiff filed C/A No. 4:05-2727-TLW-TER on September 20, 2005, alleging employment discrimination against Clemson University.

"willfully and criminally participated in a conspiracy with the undersigned magistrate judge and other co-conspirators and willfully deprived Plaintiff of civil and constitutional right[s] by willfully entering a VOID Order/Judgment" in C/A No. 4:05-2727-TLW-TER. (Plaintiff's complaint, page 43, ¶ 127.

Plaintiff appealed the dismissal of C/A No. 4:05-2727-TLW-TER to the United States Court of Appeals for the Fourth Circuit. Defendants Diana Gribbon Motz, Roger L. Gregory, and Allyson K. Duncan are the federal Appellate Court Judges who handled Plaintiff's appeal. Plaintiff claims these Defendants "willfully affirmed the district court's VOID Order and Judgment; consequently, Defendants Motz, Gregory and Duncan unethically collaborated with the district court and willfully entered an unsupported VOID (curiam opinion) and Judgment." (Plaintiff's complaint, page 48, ¶ 136).

Defendant Shari L. Stefano is a Deputy Clerk with the United States District Court for the District of South Carolina. Plaintiff indicates Defendant Stefano was the "Electronic Sound Recording Operator at October 2, 2006 Motion Hearing ploy that resulted in the embellished reproduction of the audio recording and corresponding transcript." (Plaintiff's complaint, page 31, ¶ 86). Plaintiff further stated Defendant Stefano "failed to assure Plaintiff receive[d] a true and correct copy" of the motion proceedings and "engaged in a collaborated conspiracy with undersigned magistrate judge, defendant's (Clemson University) attorney, and the transcriber employed by the court to produce true and correct copies from the electronic sound recording." (Plaintiff's complaint, page 32, ¶'s 89, 90). Thus, Plaintiff claims Defendant Stefano "violated Plaintiff's civil and constitutional rights." (Plaintiff's complaint, page 32, ¶ 92).

Plaintiff names Cindy Lee Brunink, of Brunink Transcription Services, for engaging "in a collaborated conspiracy in her professional capacity as transcriber employed by U.S. District Court of South Carolina, Florence Division to transcribe October 2, 2006 Motion Hearing Electronic Sound Recording." (Plaintiff's complaint, page 33, ¶ 93). Plaintiff claims Defendant Brunink "willfully defrauded Plaintiff by misrepresenting the edited and embellished transcript and charging/accepting $66.00 (@ 4.40 per page) for a 15 page fraudulent transcript." (Plaintiff's complaint, page 33, ¶ 94).

Clemson University, which was also a Defendant in C/A No. 4:05-2727-TLW-TER, is named for allegedly conspiring with federal judges and other co-conspirators "in the deprivation of Plaintiff's civil and constitutional rights to cover-up its wrongful retaliatory termination of the Plaintiff in violation of Title VII." (Plaintiff's complaint, page 61, ¶ 164). Defendant James William Logan, Jr. of the firm Logan, Jolly, and Smith, LLP, is the attorney which represented Defendant Clemson University in Plaintiff's employment discrimination action. Plaintiff also claims Defendant Logan "willfully interfered with and violated Plaintiff's civil and constitutional rights" through such actions as: conspiring with the assigned magistrate judge; filing fraudulent evidence; and impeding case proceedings. (Plaintiff's complaint, page 30, ¶ 85).

Plaintiff seeks monetary damages, a "judgment vacating the VOID Order and Judgment entered . . . on August 23, 2007 in Civil Action 4:05-cv-02727-TLW-TER, a "judgment vacating the Curiam Opinion and Judgment Order entered by the U.S. Court of Appeal[s] for the Fourth Circuit," and a "judgment declaring Plaintiff's entitlement to summary judgment in Civil Action 4:05-cv-02727-TLW-TER."

Discussion

Plaintiff claims that various state and federal actors violated Plaintiff's constitutional rights. Thus, the complaint is construed as a civil rights action filed pursuant to 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[3] To state a claim under § 1983/*Bivens*, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state [or federal] law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the present action, Plaintiff has named five Defendants who are immune from suit under § 1983/*Bivens*. Defendants Terry L. Wooten, Thomas E. Rogers, III., Diana Gribbon Motz, Roger L. Gregory, and Allyson K. Duncan are federal judges. It is well settled that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity attaches even if the act in question was in excess of authority. *Id.* at 13. *See also Forrester v. White*, 484 U.S. 219, 227 (1988) (an act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Jackson v. Houck*, No. 05-7769, 2006 WL 1344807 (4th Cir. May 17, 2006). Plaintiff names Defendants Wooten, Rogers, Motz, Gregory,

---

[3] "*Bivens*" is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Carlson v. Green*, 446 U.S. 14,18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

and Duncan for judicial actions taken in regards to Plaintiff's prior federal lawsuit and appeal. As such, these Defendants are immune from suit and should be summarily dismissed from this action.

In addition to immunity from monetary damages, the federal judges are also protected from claims for injunctive relief. Section 309(c) of the Federal Courts Improvement Act of 1996 (FICA), Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 (and *Bivens* type claims by analogy) to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As Plaintiff does not allege that either of these prerequisites for injunctive relief were met, any claim for injunctive relief against the named federal judges is subject to dismissal. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)(collecting cases which determined this amendment also limits any injunctive relief available against federal judges); *Stephens v. Herring*, 827 F. Supp. 359, 365 (E.D. Va. 1993)(federal judges enjoy absolute immunity from *Bivens* actions seeking declaratory and injunctive relief).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process as to the following Defendants: Terry L. Wooten; Thomas E. Rogers, III.; Diana Gribbon Motz; Roger L. Gregory; and Allyson K. Duncan. Process shall issue for service of the remaining Defendants. The Plaintiff's attention is directed to the important Notice on the next page.

July 9, 2009     Joseph R. McCrorey
Columbia, South Carolina     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).