IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

RECEIVED
2010 FEB 24 P 2: 3_

| | |
|---|---|
| Rosalyn Holman, | ) |
| Plaintiff, | ) C.A. No.: 4:09-1634-CWH |
| vs. | ) |
| Terry L. Wooten; Thomas E. Rogers, III; Shari L. Stefano; Diana Gribbon Motz; Roger L. Gregory; Allyson K. Duncan; James William Logan Jr., Logan Jolly & Smith, LLP; Cindy Lee Brunink/Brunink Transcription Services, all in their individual and official capacities; Clemson University, | ) ORDER |
| Defendants. | ) |

On June 23, 2009, the plaintiff, Roslyn Holman (the "plaintiff"), acting pro se, filed this fee-paid action, alleging that the defendants, who are state and federal actors, violated her constitutional rights. On July 9, 2009, Magistrate Judge Joseph R. McCrorey issued a comprehensive and well-reasoned report analyzing the issues and recommending that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process as to the following defendants: Terry L. Wooten; Thomas E. Rogers, III; Diana Gribbon Motz; Roger L. Gregory; and Allyson K. Duncan.

Attached to the report and recommendation was a "Notice of Right to File Objections." Pursuant to that Notice, the parties herein were provided ten days during which to file written objections to the report and recommendation and informed of the consequences resulting from a



Page 1 of 3

failure to do so. See 28 U.S.C. § 636(b)(1)(C). The plaintiff filed objections to the report after obtaining an extension of time in which to do so.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. Mathews v. Weber, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a de novo determination of those portions of the report and recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." Id.

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the report and recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); see United States v. Schronce, 727 F.2d 91, 94 n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-47 nn. 1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). A failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. Schronce, 727 F.2d at 94 & n. 4. Finally, in the absence of an objection, the court reviews the Report and Recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed



objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

In her objections, the plaintiff generally makes the same arguments here that were considered and rejected by the magistrate judge. Therefore, after a thorough review of the magistrate judge's report and the record in this case, the court adopts the report and recommendation and it is incorporated herein by reference.

It is ordered that this case is dismissed without prejudice and without issuance and service of process with respect to the defendants Wooten, Rogers, Motz, Gregory, and Duncan.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

February 23, 2010
Charleston, South Carolina