IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| ROSLYN HOLMAN, | ) Civil Action No. 4:09-1634-CWH-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SHARI L. STEFANO; | ) **REPORT AND RECOMMENDATION** |
| JAMES WILLIAM LOGAN, JR., LOGAN JOLLY | ) |
| & SMITH, LLP; | ) |
| CINDY LEE BRUNINK, BRUNINK | ) |
| TRANSCRIPTION SERVICES, | ) |
| ALL IN THEIR INDIVIDUAL AND | ) |
| OFFICIAL CAPACITIES; AND | ) |
| CLEMSON UNIVERSITY, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The pro se Plaintiff, Roslyn Holman ("Holman"), filed this action on June 23, 2009.[1] On

August 5, 2009, Defendants Clemson University ("Clemson") and James William Logan, Jr.

("Logan"), an attorney with Logan Jolly & Smith, LLP, filed a motion to dismiss. Plaintiff, because

she is proceeding pro se, was advised on August 6, 2009, pursuant to Roseboro v. Garrison, 528 F.2d

309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in the dismissal of

her complaint. Holman filed a response on August 20, 2009, and Defendants Clemson and Logan

filed a reply on August 28, 2009. Defendant Shari L. Stefano ("Stefano") filed a motion to dismiss

on October 13, 2009. A second Roseboro order was issued on October 14, 2009. Holman filed a

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e) DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

response on October 29, 2009.  Defendant Cindy Lee Brunink ("Brunink") of Brunink Transcription Services, proceeding pro se, filed a motion to dismiss on November 10, 2009.  A third Roseboro order was issued on November 12, 2009.  Holman filed a response on November 17, 2009.[2]

## MOTION TO DISMISS STANDARD

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff.  Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999).  The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,"

---

[2]On February 24, 2010, Judges Motz, Gregory, Duncan, Wooten, and Rogers were dismissed without prejudice as defendants to this action.  See Doc. 37.

a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' "Iqbal, __ U.S. at __, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

## FACTS

On September 20, 2005, Holman filed Civil Action Number 4:05-cv-02727-TLW ("the prior action") in this court, alleging a claim for retaliatory discharge[3] (which appears to have been brought pursuant to Title VII) against her former employer, Clemson. In that action, Clemson was represented by Logan and another attorney with his firm, Stacey Todd Coffee. The deadline for the end of discovery was initially set as July 28, 2006. Civil Action Number 4:05-cv-02727-TLW, Doc. 10. On April 20, 2006, Holman filed a motion to compel discovery. Id., Doc. 20. Clemson filed a response on May 4, 2006. Id., Doc. 21. On July 18, 2006, Clemson emailed a request to amend the scheduling order to Magistrate Judge Rogers, asking that the deadline for discovery be extended until September 25, 2006. See id., Doc. 22-2. Holman filed a reply opposing this request. Id., Doc. 22. On September 7, 2006, Magistrate Judge Rogers issued a notice of hearing (for October 2, 2006) as to Holman's motion to compel and Clemson's proposed amended scheduling order. Id., Doc. 27. On October 2, 2006, after the hearing, Magistrate Judge Rogers issued a Minute Order finding the motion to compel moot as the parties had resolved the issue (Holman agreed), and he granted the amendment to the scheduling order (with Logan to submit a proposed order). Id., Doc. 37. An amended scheduling order, extending the time for discovery until October 31, 2006, was entered on October 3, 2006. Id., Doc. 38.

---

[3]She also may have alleged a claim for race discrimination.

Holman apparently was unhappy with the decision to extend the discovery period in order to allow Clemson to take her deposition and did not want to have her deposition taken. She requested a copy of a transcript of the motions hearing from Defendant Stefano, a Deputy Clerk with the United States District Court for the District of South Carolina who was the Electronic Sound Recording ("ESR") operator, on October 4, 2006. Stefano ordered the transcript from Brunink, a private transcriptionist. Holman received a copy of the transcript which she believed was "fraudulent" and had been altered. She requested a copy of the audio recording of the hearing. She believed that it too had been altered. Clemson took Holman's deposition on October 27, 2006. See id., Doc. 54.

Holman, based on her belief that Magistrate Judge Rogers, Stefano, and Brunink had conspired to alter or embellish the transcript and audio recording of the motions hearing, filed motions asking that the court admonish Magistrate Judge Rogers, reinstate the original conference and scheduling order, remove Magistrate Judge Rogers from the case, revoke the order requiring her to submit to oral deposition, and investigate the authenticity of sound recording transcript. Judge Wooten denied these motions on January 29, 2007. Id., Doc. 78.

On August 1, 2007, Magistrate Judge Rogers recommended that Clemson's motion for summary judgment in the prior case be granted and that Holman's motion for summary judgment be denied. Id., Doc. 86. Judge Wooten accepted the recommendation and granted Clemson's motion for summary judgment on August 23, 2007. Id., Doc. 92. The Court of Appeals for the Fourth Circuit later affirmed the decision. See id., Doc. 103.

**DISCUSSION**

Holman alleges, pursuant to 42 U.S.C. § 1985 ("§ 1985") and 42 U.S.C. § 1986 ("§ 1986"), that Defendants conspired to deprive her of her rights in the previous action. She appears to allege,

4

pursuant to 42 U.S.C. § 1983 ("§ 1983") and/or <u>Bivens</u>,[4] that her First, Fifth, Seventh, and Fourteenth

Amendment rights were violated by Defendants as to her prior action. Holman also asserts that she

has brought this action pursuant to 42 U.S.C. § 1981 ("§ 1981"); Title VII; and 18 U.S.C. §§ 241,

242, 1001, 1505, 1622, and 1623. Holman seeks monetary damages, a judgement vacating the

judgment in the prior action, and a judgment granting her summary judgment in the prior action.

## MOTION TO DISMISS OF CLEMSON AND LOGAN

Holman appears to allege that Logan, in the prior action, filed "fraudulent" documents; failed

to timely and completely respond to her discovery requests; conspired to impede the proceedings by

asking for amendment to the scheduling order so that her deposition could be taken; had the transcript

of the October 2, 2006 hearing in the prior action falsified and the audio recording embellished;

harassed her at her deposition by asking her questions about her personal background and past jobs,

and failing to ask her about her complaint; and filed a bad-faith and perjured motion for summary

judgment on behalf of Clemson. She basically appears to allege that all of Logan's filings in the

prior action, both while before the District Court and on appeal, were false or devoid of facts and law.

Holman appears to allege that Clemson submitted false or inaccurate pleadings in the prior case.

Defendants Clemson and Logan contend that their motion to dismiss, pursuant to Fed. R. Civ.

P. 12(b)(6), should be granted because Holman fails to state a claim against them and this action is

barred by the doctrine of res judicata. Holman contends that she has stated a claim and that res

judicata does not bar this action. In their reply memorandum, Clemson and Logan[5] argue that the

---

[4]See <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971).

[5]In their reply, Clemson and Logan contend that the doctrine of collateral estoppel also
(continued...)

district court had jurisdiction in the prior action, Holman fails to show that the prior action is void, and that each and every issue in this action could have been raised in the prior action.

### A.    Res Judicata

Logan and Clemson contend that this action is barred against them based on the doctrine of res judicata. Holman argues that res judicata does not bar this action because: (1) res judicata does not apply to a void judgment (which she claims exists in the prior action); (2) Logan was not a defendant to the prior action; and (3) dismissal without prejudice is not an adjudication on the merits and will not bar a subsequent suit on the same cause of action.

Res judicata bars relitigation in a second suit involving the same parties or their privies based on the same cause of action if the court in the first suit issued a judgment on the merits. See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979). Res judicata, sometimes referred to as claim preclusion, provides that "if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." In re Varat Enters, Inc., 81 F.3d 1310, 1315 (4th Cir.1996). The three elements required to be shown for res judicata to apply are: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit on the same cause of action." Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1473 (4th Cir.1996). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions." In re Varat Enterprises, Inc., 81 F.3d at 1316.

---

[5](...continued)
precludes this action. They did not, however, assert this in their motion to dismiss and have provided no discussion on the issue.

Here, Holman's claims against Clemson are barred by the doctrine of res judicata as there was a judgment on the merits, the prior action involved the same parties (Clemson and Holman), and Holman has brought a subsequent suit on the same cause of action. Plaintiff's Statement of Claim contains an acknowledgment that "[a]ll allegations inhere [sic] derived from a willful miscarriage of justice in Civil Action Number 4:05-cv-02727-TLW-TER/Appeal No. 07-1898 (Roslyn Holman v. Clemson University)...." Complaint at 5. Contrary to Holman's argument (that the prior action was dismissed without prejudice), there was a judgment on the merits in the prior action. See Civil Action 4:05-02727-TLW-TER, Doc. 93. She appears to argue that the judgment is void in the prior action, but has presented nothing other than her own opinion (or disagreement with the rulings) to support her argument. Holman claims that the judgment is void in the prior action because the court did not have jurisdiction over the case, but again provides nothing that supports this argument. Logan, however, fails to show that a claim against him is barred by the doctrine of res judicata, as he has not shown that he was a party to the prior action and has advanced nothing to show privity.

**B.     Failure to State a Claim**

Defendants Clemson and Logan also contend that their motion to dismiss should be granted because Holman fails to state a claim upon which relief can be granted. Holman appears to argue that she has stated a claim because no reasonable judge or jury could possibly rule against her based on the facts asserted. As discussed below, Plaintiff fails to show that this Court has jurisdiction over her claims and/or fails to state a claim to relief that is plausible on its face.

**1.     Bivens/§ 1983**

Plaintiff fails to state a Bivens claim against Clemson or Logan. In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States

against federal officials for the violation of federal constitutional rights. A <u>Bivens</u> claim is analogous

to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because

they do not act under color of state law. <u>See</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-820 & n. 30

(1982). <u>Harlow</u>, which is often cited for the principle of the qualified immunity of state officials for

acts within the scope of their employment, was brought against a federal official. In footnote 30 of

the opinion in <u>Harlow</u>, the Supreme Court stated that <u>Harlow</u> was applicable to state officials sued

under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in <u>Bivens</u>

actions and vice versa. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994); <u>see also</u> <u>Mitchell v. Forsyth</u>, 472

U.S. 511, 530 (1985); <u>Osabutey v. Welch</u>, 857 F.2d 220, 221-223 & n. 5 (4th Cir. 1988); and

<u>Tarantino v. Baker</u>, 825 F.2d 772, 773-775 & n. 2 (4th Cir. 1987), <u>cert.</u> <u>denied</u>, <u>North Carolina v.</u>

<u>Tarantino</u>, 489 U.S. 1010 (1989). Here, Clemson and Logan are not federal officials for purposes

of a <u>Bivens</u> action. Holman also fails to establish a claim against Logan under § 1983, as Logan is

not a state actor under § 1983. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>Deas v. Potts</u>, 547

F.2d 800 (4th Cir.1976).

### 2.   § 1985 and § 1986

Holman fails to state a claim against Clemson or Logan pursuant to §§ 1985

or 1986. Section 1985(3)[6] provides to those injured by a conspiracy to deprive them of the equal

protection of the laws a right of action against the conspirators. It reads in relevant part:

---

[6]There is no indication that Holman has asserted a claim under 42 U.S.C. § 1985(1), which
involves a conspiracy to prevent an officer of the United States from performing his or her duties,
or 42 U.S.C. § 1985(2) which involves a conspiracy "to deter, by force, intimidation, or threat, any
party or witness in any court of the United States from attending such court, or from testifying to any
matter pending therein..." 42 U.S.C. § 1985.

If two or more persons in any State or Territory conspire ... for the purposes of depriving ... any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the laws ... the party so injured may have an action for the recovery of damages ... against one or more of the conspirators.

42 U.S.C. § 1985(3). There is a heightened pleading standard for § 1985(3) conspiracy claims. Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). The elements of this claim are: (1) a conspiracy of two or more persons; (2) who were motivated by a specific class-based, invidiously discriminatory animus; (3) to deprive the plaintiff of the equal enjoyment of rights of secured by the law to all; (4) and which results in injury to the plaintiff; (5) as a consequence of an overt act committed by the defendants in connection with the conspiracy. Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985). In Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971), the Supreme Court held that § 1983(5) includes conspiracies of private individuals. However, the Court limited this holding to require a plaintiff to show that an actionable private conspiracy must be motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Byrd v. Hopson, 265 F.Supp.2d 594, 603 (W.D.N.C. 2003)(quoting Griffin v. Breckenridge ), aff'd., 2004 WL 1770261 (4th Cir. 2004),

In this case, Holman has not identified any specific evidence of an agreement by Defendants to violate her civil rights. See Simmons v. Poe, 47 F.3d at 1377 (The Fourth Circuit has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts."). Plaintiffs also fail to allege or show any class-based, invidiously discriminatory animus behind Defendants' action. Thus, Plaintiff fail to establish a claim under § 1985(3).

Section 1986 extends liability to those with knowledge of the conspiracy: "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985

9

... shall be liable to the party injured ... for all damages[.]" 42 U.S.C. § 1986. Viability of a § 1986 claim is based on the antecedent § 1985 claim. If the 1985 claim is dismissed, the § 1986 claim also fails. Buschi v. Kirven 775 F.2d at 1243; Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985).

### 3.    Title VII and § 1981

Although Holman sets out Title VII and § 1981 as bases for jurisdiction in her complaint, she fails to state any claims under these statutes. Her references to Title VII appear to be to the prior claim of employment discrimination against Clemson, which is barred by the doctrine of res judicata. As to her § 1981[7] claim, she has not alleged that Defendants possessed a discriminatory animus or that they infringed upon a contractual relationship or other right.

### 4.    18 U.S.C. §§ 241, 242, 1001, 1505, 1622, and 1623

Holman also fails to state a claim against Defendants Logan and Clemson under 18 U.S.C. §§ 241, 242, 1001, 1505, 1622, and 1623. These claims should be dismissed because she has not shown that she has a private cause of action under these criminal statutes. See

---

[7]Section 1981 provides:
(a) Statement of equal rights
　　　All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
(b) "Make and enforce contracts" defined
　　　For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
(c) Protection against impairment
　　　The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.
42 U.S.C. § 1981.

10

Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994)(refusing to infer a private right of action from a "bare criminal statute"); see also D'Amato v. Rattoballi, 83 Fed. Appx. 359, 360 (2d Cir.2003) (holding that subordination of perjury statute alone did not provide for civil remedies)

## STEFANO'S MOTION TO DISMISS

Holman appears to allege that Stefano failed to properly record the motions hearing in the prior action and conspired to provide a false transcript and audio recording. Defendant Stefano contends that her motion to dismiss should be granted because she was improperly served, Holman fails to state a claim against her, and she is entitled to quasi-judicial immunity. Holman argues that Stefano was sufficiently served; she has stated a claim; and Stefano is not entitled to quasi-judicial immunity because Stefano's actions were premeditated, malicious, and outside the scope of her judicial duties.

### A.    Service

Defendant Stefano contends that she is entitled to dismissal of this action because Holman failed to properly serve her. Holman argues that Stefano was sufficiently served because a copy of the Summons and Complaint were delivered to Stefano at her work place. She also argues that service was sufficient because Stefano responded by filing a motion requesting a thirty day extension.

Return of service indicates that Holman attempted to serve Defendant Stefano by mailing the documents to her workplace at the United States District Court in Florence, South Carolina. Doc. 14.

This, however, is improper service under Rule 4(i)(3) as to Stefano in her individual capacity.[8] See 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1107.

**B.      Failure to State a Claim**

Even if Holman has properly served Stefano, this action should be dismissed because Holman fails to state a claim against Stefano. As discussed above, Holman fails to state a claim under Title VII, § 1981, § 1985, or § 1986. She has not shown that she has a private cause of action under 18 U.S.C. §§ 241, 242, 1001, 1505, 1622, and 1623. Holman cannot bring a § 1983 claim against Defendant Stefano because, as noted above, federal officials cannot be sued under § 1983 as they do not act under color of state law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982).

Holman fails to state a Bivens claim against Stefano because she fails to show any injury from Stefano's alleged actions. Magistrate Judge Rogers made the complained upon ruling prior to Holman requesting the transcript and audio recording of the hearing. The decision was already made and Holman cannot show that the decision was affected by any alleged fraudulent transcript or

---

[8]This rule provides that to serve a United States employee in her individual capacity "a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). It does not appear that Rule 4(f)(Serving an Individual in a Foreign Country) or Rule 4(g)(Serving a Minor or an Incompetent Person) apply here. Under Rule 4(e), an individual is served by:
>      (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>      (2) doing any of the following:
>>           (A) delivering a copy of the summons and of the complaint to the individual personally;
>>           (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>           (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

recording. Holman's recourse if she disagreed with decision to allow the scheduling order to be extended to take her deposition was to appeal the decision to Judge Wooten.

Holman appears to argue that she was subjected to emotional distress because she had to attend her own deposition. Even if she could somehow show that Defendants' actions caused this, there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 (or Bivens) regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[9]

42 U.S.C. § 1997e(e).

Further, even if Holman could show that Defendant Stefano was negligent as to her duties, such conduct fails to rise to the level of a constitutional violation. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995)(applying Daniels v. Williams and Ruefly v. Landon: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct.").

---

[9]The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

### 3. **Quasi-Judicial Immunity**

To the extent that Holman alleges a conspiracy between a judge and Stefano, her claims are barred by quasi-judicial immunity. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. See Chu v. Griffith, 771 F.2d 79, 81 (4th Cir.1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune." Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir.1969). Notably, "[t]he clerks of court are also entitled to immunity the same as judges when performing their duties." Zimmerman v. Spears, 428 F.Supp. 759, 762 (D.Tex.1977), aff'd, 565 F.2d 310 (5th Cir.1977). See, e.g., Yarbrough v. Garrett, 579 F.Supp.2d 856, 860 (E.D.Mich. 2008)(noting that clerks of court who mailed transcripts to a prisoner or failed to provide requested transcripts were entitled to quasi-judicial immunity because those actions were truly judicial acts). "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" Jackson v. Houck, No. 05-7769, 2006 WL 1344807 (4th Cir. May 17, 2006)(quoting Sindram v. Suda, 986 F.2d 1459, 1461 (D.C.Cir. 1993)).

### BRUNINK'S MOTION TO DISMISS

Brunink appears to contend that this action against her should be dismissed because she merely accepted $66.00 for work which she performed, she is without sufficient knowledge to know what audio recording Holman received from the court, and she had no control over the audio created

by Court staff. She appears to argue that Holman fails to state a claim against her.[10] Holman appears

to argue that she has stated a claim because she asserts that Brunink accepted money for a fictitious

and embellished transcript.

As discussed above, Holman fails to state a claim under Title VII, § 1981, § 1985, or § 1986.

She has not shown that she has a private cause of action under 18 U.S.C. §§ 241, 242, 1001, 1505,

1622, and 1623. Brunink is not a federal official for the purpose of a <u>Bivens</u> action. Holman has

asserted no facts that would render Defendant Brunink, a private court reporter and transcriber, a

"private actor" under § 1983.

Even if Holman could show that Brunink was a "state actor," she fails to state a claim under

§ 1983 or <u>Bivens</u> because she has not shown that she was harmed by Brunink's actions. As discussed

above, Magistrate Judge Rogers made the complained upon ruling prior to Holman requesting the

transcript and audio recording of the hearing. The decision was already made and Holman cannot

show that the decision was affected by any alleged fraudulent transcript or recording. Even if

Plaintiff could show that Defendant Brunink was negligent in her transcription of the ESR recording,

such conduct fails to rise to the level of a constitutional violation. Also, as discussed above, she

cannot bring a § 1983 claim for emotional distress caused by having to attend her own deposition.[11]

---

[10]Alternatively, it is recommended that Defendant Brunink be dismissed <u>sua</u> <u>sponte</u> because Holman fails to state a claim against her.

[11]It does not appear that Holman has asserted claims under South Carolina law. To the extent, however, that she is attempting to assert such claims, it is recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any state law claims be dismissed as Holman fails to establish any of her federal claims.

## CONCLUSION

Based on the foregoing, it is recommended that the motion to dismiss of Defendant Clemson

and Logan (Doc. 17) be **granted**; Defendant Stefano's motion to dismiss (Doc. 29) be **granted**; and

Defendant Brunink's motion to dismiss (Doc. 34) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

March 1, 2010
Columbia, South Carolina


**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).