**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Roslyn Holman, | ) |
| | ) |
|                 Plaintiff, | )   C.A. No.: 4:09-cv-1634-CWH |
| | ) |
|       vs. | ) |
| | ) |
| Terry L. Wooten; Thomas E. Rogers, III; | ) |
| Shari L. Stefano; Diana Gribbon Motz; | ) |
| Roger L. Gregory; Allyson K. Duncan; | )   **ORDER** |
| James William Logan Jr., Logan Jolly | ) |
|    & Smith, LLP; | ) |
| Cindy Lee Brunink/Brunink Transcription | ) |
|    Services, | ) |
| all in their individual and official capacities; | ) |
| Clemson University, | ) |
| | ) |
|                 Defendants. | ) |
| | ) |

This matter is before the court on plaintiff's motion for recusal. For the reasons discussed below, plaintiff's motion is denied.

## I. BACKGROUND

On June 23, 2009, plaintiff Roslyn Holman, acting pro se, filed this fee-paid action against the above-named defendants in their individual and official capacities, alleging that defendants violated the constitutional rights guaranteed to her by the First, Fifth, Seventh, and Fourteenth Amendments. Plaintiff further alleged that defendants violated her civil rights pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 2000e et seq., Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 1001, 18 U.S.C. § 1505, 18 U.S.C. § 1622, and 18 U.S.C. § 1623. (Compl. at 3). On July 9, 2009, Magistrate Judge Joseph R. McCrorey issued a

1

report and recommendation (the "R & R") which recommended that the court dismiss defendants Terry L. Wooten, Thomas E. Rogers, III, Diana Gribbon Motz, Roger L. Gregory, and Allyson K. Duncan (the "judges") from this case without prejudice and without issuance and service of process because they enjoyed absolute immunity from suit. Plaintiff timely filed objections to the R & R. On February 24, 2010, the court issued an order adopting the magistrate judge's R & R, and ordered that the judges be dismissed without prejudice and without issuance and service of process. On March 12, 2010, plaintiff filed a motion seeking the recusal of District Judge Weston C. Houck, as well as Magistrate Judge McCrorey, from her case.

## II. MOTION FOR RECUSAL

### A. Plaintiff's allegations

Plaintiff alleges that recusal is necessary because Judge Houck and the magistrate judge have engaged in a "willful collaborated conspiracy to deprive Plaintiff of procedural due process of law in a civil rights suit under 42 U.S.C. § 1983/<u>Bivens</u> to cover-up defendants' (including 5 federal/state actors) deprivation of Plaintiff's due process rights in a previous civil rights suit." (Docket # 42 at 1). Plaintiff further alleges that Judge Houck, as well as Magistrate Judge McCrorey, have "an allegiance to the federal/state actors and accordingly, cannot adjudicate this case without prejudice" and that Judge Houck and Magistrate Judge McCrorey "are engaging in non-judicial activities to protect these federal/state actors and their accomplices from Plaintiff's civil rights lawsuit[.]" (Docket Entry # 42 at 1).

### B. Discussion

Two federal statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455, govern the recusal of federal judges from matters pending before them. Section 144 requires the petitioner to file an affidavit

2

specifically stating the presiding judge's personal bias or prejudice, and a certificate of counsel of record stating the claim is made in good faith; section 455 is "self-executing" and requires the presiding judge to disqualify himself under certain circumstances. In re Beard, 811 F.2d 818, 827 n.15 (4th Cir. 1987). Plaintiff did not refer to either 28 U.S.C. § 144 or 28 U.S.C. § 455 in her motion for recusal. On July 15, 2010, plaintiff filed a document which she identified as an affidavit[1] and which specifically referred to sections 144 and 455. Plaintiff directed this affidavit to the undersigned's attention. The court will consider this affidavit as supporting the motion for recusal, and address the applicability of each of these statutes in turn.[2]

### 1. Section 144

28 U.S.C. § 144 states in pertinent part:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

In determining the legal sufficiency of the affidavit filed pursuant to section 144, a judge must determine whether the affidavit (1) is in compliance with the procedural requirements of

---

[1] Although this document was not sworn under oath before a notary public, it was signed under penalty of perjury, and thus meets the requirements of 27 U.S.C. § 1746.

[2] As plaintiff is a pro se litigant, the court must accord her pleadings liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam); Carter v. Hutto, 781 F.2d 1028, 1031 (4th Cir. 1986).

that section and (2) alleges with specificity that the judge in question has a "'personal bias or prejudice either against [the party filing the affidavit] or in favor of an adverse party.'" Kidd v. Greyhound Lines, Inc., 2004 WL 3756420, at *1-3, 3 (E.D. Va. Sep. 23, 2004) (quoting Sine v. Local No. 992 Int'l Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989)). Both requirements (procedural compliance and personal bias or prejudice against one party) apply to affidavits filed by pro se litigants. Wambach v. Hinkle, 2007 WL 2915072, at *1 (E.D. Va. Oct. 4, 2007).

### a. Procedural requirements

Taking the procedural requirements in order, the court has reviewed the docket in this case and has determined that this is the first affidavit that plaintiff has filed pursuant to section 144. Next, with respect to timeliness, the motion was filed on March 12, 2010, approximately sixteen (16) days after the court's February 24, 2010 order which dismissed the judges from this action. The affidavit was filed on July 15, 2010, almost five (5) months later. The court finds that plaintiff's filings are timely as this matter has not yet been called for trial. See 28 U.S.C. § 144 ("The affidavit . . . shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard[.]").

Plaintiff did not accompany her affidavit with the required certificate of counsel stating the affidavit was made in good faith, but specifically stated that her affidavit was submitted in "good faith." (Docket # 49 at 5). The court will construe this statement as a certificate, noting that other courts in this circuit have held that because Rule 11 requires pro se litigants to file papers only in good faith, the requirement of a certificate is met even without an actual certificate signed by an attorney. See, e.g., Wambach, 2007 WL 2915072, at *2; Kidd, 2004 WL 3756420, at *1-2 (noting that "application of the procedural requirements required by § 144 must

4

take into consideration the principle that a court must liberally construe the pleadings of a pro se civil rights plaintiff"). The court finds that plaintiff's affidavit meets the procedural requirements for affidavits filed pursuant to section 144 and will address whether the facts alleged therein are legally sufficient.

### b. The legal sufficiency of the facts alleged in the affidavit

"To be considered legally sufficient, [an affidavit] must allege personal bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case." Sine, 882 F.2d at 914 (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984); Fitzgerald v. Penthouse Int'l Ltd., 691 F.2d 666 (4th Cir. 1982)). For recusal to be mandated, "[t]he alleged bias must . . . be personal, as distinguished from judicial, in nature." United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984). Recusal is not warranted if the alleged bias is "merely based upon the judge's rulings in the instant case or related cases[.]" Id. (internal quotation marks and citation omitted).

Plaintiff avers that the record in this case "wholly confirms" that Judge Houck and Magistrate Judge McCrorey have an "allegiance to fellow-judges[.]" (Docket Entry # 49 at 1). Significantly, however, she offers no evidence of this "allegiance" to support her conclusory allegation. She has not presented any evidence whatsoever of personal bias in favor of the judges, or prejudice against her. Moreover, she has not produced any evidence of an extrajudicial source of information. Therefore, her affidavit is not legally sufficient under section 144. Plaintiff's motion for recusal, insofar as it relies on section 144, is denied.

### 2. Section 455

28 U.S.C. § 455 provides, in relevant part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> . . . .

28 U.S.C. §§ 455(a) & (b). Under section 455(a), disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. Rice v. McKenzie, 581 F.2d 1114, 1116 (4th Cir. 1978). Partiality is favoritism that is "wrongful or inappropriate." Liteky v. United States, 510 U.S. 540, 552 (1994). Bias or prejudice "connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, . . . rests upon knowledge that the subject ought not to possess [,] . . . [or] is excessive in degree[.]" Liteky, 510 U.S. at 550. It is well-settled that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555. The Fourth Circuit has ruled that "a presiding judge is not required to recuse [him or herself] because of 'unsupported, irrational or highly tenuous speculation.'" United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (citation omitted). "When there is no reasonable basis for questioning the judge's impartiality, it is improper for a judge to recuse." United States v. Glick, 946 F.2d 335, 336-37 (4th Cir. 1991).

Plaintiff argues that Judge Houck and the magistrate judge have an "allegiance to fellow-judges." Plaintiff has advanced no facts or incidents to support her claims of bias or impartiality

6

with respect to Judge Houck or to Magistrate Judge McCrorey. Indeed, plaintiff's request for recusal appears entirely based on her dissatisfaction with the rulings of the magistrate judge and Judge Houck in her cases, a patently insufficient ground for disqualification under applicable law. See 28 U.S.C. § 455; Liteky, 510 U.S. at 541; Lindsey v. City of Beaufort, 911 F. Supp. 962, 967-68 (D.S.C. 1995) (stating that a "motion to recuse may not be predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency to rule in any particular way, nor on a particular judicial leaning or attitude derived from his or her experience on the bench"); Cuyler v. South Carolina, 2010 WL 1416743, at *2 (D.S.C. Apr. 5, 2010) (The plaintiff's "disagreement with a court's prior ruling is not a valid basis for a recusal motion"). Plaintiff's motion for recusal (Docket # 42) is denied.

### III. CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that plaintiff's motion for recusal is **DENIED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**September 23, 2010
Charleston, South Carolina**

7