IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Roslyn Holman, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 4:09-cv-1634-CWH |
| | ) | |
| vs. | ) | |
| Terry L. Wooten; Thomas E. Rogers, III; | ) | |
| Shari L. Stefano; Diana Gribbon Motz; | ) | |
| Roger L. Gregory; Allyson K. Duncan; | ) | **ORDER** |
| James William Logan Jr., Logan Jolly | ) | |
|    & Smith, LLP; | ) | |
| Cindy Lee Brunink/Brunink Transcription | ) | |
|    Services, | ) | |
| all in their individual and official capacities; | ) | |
| Clemson University, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Roslyn Holman (the "plaintiff"), acting pro se, filed this fee-paid action against the above-named defendants in their individual and official capacities, alleging that the defendants violated the constitutional rights guaranteed to her by the First, Fifth, Seventh, and Fourteenth Amendments.[1] The plaintiff further alleged that the defendants acted to violate her civil rights pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 2000e et seq., Section 704(a) of Title VII of the Civil Rights Act of 1964, as

---

[1] The defendants Terry L. Wooten, Thomas E. Rogers, III, Diana Gribbon Motz, Roger L. Gregory, and Allyson K. Duncan have been dismissed from this action without prejudice and without issuance and service of process because they enjoy absolute immunity from suit. (Docket # 37).

Page 1 of 7

amended, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 1001, 18 U.S.C. § 1505, 18 U.S.C. § 1622, and 18 U.S.C. § 1623. (Compl. 3).[2]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a report and recommendation ("report"). On March 1, 2010, the magistrate judge issued a report recommending that the motions to dismiss filed by Clemson University and James William Logan, Jr., Shari L. Stefano, and Cindy Lee Brunink of Brunink Transcription Services, be granted. The magistrate judge advised the plaintiff of the procedures and requirements for filing objections to the report. The plaintiff filed timely objections to the report on March 12, 2010.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made.[3] The court may accept, reject, or modify, in whole or in part, the

---

[2] Although the plaintiff lists Title VII and § 1981 as bases for jurisdiction in her complaint, she fails to state any claims under these statutes.

[3] The Court has carefully reviewed the objections, but finds most of them to be so lacking in merit that they do not warrant discussion. For example, the plaintiff objects to the magistrate judge's captions in the report as being "too broad" and to the magistrate judge's use of such phrases as "plaintiff believed," or "she appears to allege." Obj. 2, 3, 6. Some of the objections filed by the plaintiff relate to the report and order filed in an earlier action, which is referred to in this Order as the 2005 action. Obj. 2-5. The objections also set out at length the allegations set out in the plaintiff's complaint. Obj. 7-14.



Page 2 of 7

recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertions]' devoid of 'further factual enhancements.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Applying this standard, the magistrate judge recommended that the motions to dismiss filed by (1) Clemson University and James William Logan, Jr.; (2) Shari L. Stefano; and (3) Cindy Lee Brunink of Brunink Transcription Services be granted.

With respect to the defendant Clemson University, the magistrate judge found that the present action by the plaintiff was barred by the doctrine of res judicata. The Court agrees. Res judicata bars relitigation in a second suit involving the same parties or their privies based on the same cause of action if the court in the first suit issued a judgment on the merits. See Parklane



Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n.5 (1979). To establish res judicata as a bar to litigation, a defendant must establish three elements: (1) identity of the parties or their privies in the two suits; (2) identity of the subject matter in both the earlier and the later suit; and (3) a final determination on the merits of the claim in the prior proceeding. Briggs v. Newberry Cty. Sch. Dist., 838 F. Supp. 232, 235 (D.S.C. 1992) (citing H.G. Hall Constr. v. J.E.P. Enter., 321 S.E.2d 267, 271 (S. C. Ct. App. 1984)). In 2005, the plaintiff had filed an employment discrimination action alleging retaliation against her former employer, Clemson. See Holman v. Clemson Univ., No. 4:05-cv-02727-TLW (the 2005 action).[4] Clemson was granted summary judgment, the plaintiff was denied summary judgment, and the action was dismissed. Id., 2007 WL 2455179, at *1 (D.S.C. Aug. 23, 2007). The Court of Appeals for the Fourth Circuit affirmed the decision in an unpublished per curiam opinion. Holman v. Clemson Univ., 264 F. App'x 270 (4th Cir. 2008). The United States Supreme Court denied the plaintiff's petition for a writ of certiorari. Holman v. Clemson Univ., 129 S. Ct. 249 (2008).

In the instant case, the plaintiff's claims against Clemson are barred by the doctrine of res judicata. The 2005 action involved the same parties (the plaintiff and Clemson), the same subject matter, and there was a judgment on the merits.[5] Clemson's motion to dismiss is granted.

The defendant James William Logan, Jr., who had represented Clemson in the 2005 action, joined Clemson in its motion to dismiss the present action. The plaintiff's allegations

---

[4] This Court may take judicial notice of the 2005 action. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir.1970) (a federal court may take judicial notice of the contents of its own records).

[5] The plaintiff's complaint states: "All allegations inhere [sic] derived from a willful miscarriage of justice in Civil Action Number 4:05-cv-02727-TLW-TER/Appeal No. 07-1898 (Roslyn Holman v. Clemson University)[.]" (Compl. 5).



against Logan in the present action are based upon Logan's conduct while representing Clemson in the 2005 action. The plaintiff alleges that in the 2005 action, Logan filed "fraudulent" documents, failed to timely and completely respond to her discovery requests; conspired to impede the proceedings by asking for amendment to the scheduling order so that her deposition could be taken; had the transcript of the October 2, 2006 hearing in the 2005 action falsified and the audio recording embellished; harassed her at her deposition by asking her questions about her personal background and past jobs, and filed a bad-faith and perjured motion for summary judgment on behalf of Clemson.

The magistrate judge recommended that Logan be dismissed from this action because the plaintiff has failed to state a claim against him upon which relief can be granted. The Court agrees. The plaintiff is unable to state a Bivens action against Logan because Logan is not a federal official. Second, the plaintiff cannot state a Section 1983 claim against Logan because he is not a state actor. Next, the plaintiff's Section 1985(3) claim against Logan fails because, in the Fourth Circuit, Section 1985(3) claims are limited to claims of racial and/or religious discrimination. See Sullivan v. Floyd, No. 8:08-cv-1744, 2008 WL 2330200, at *2 n.3 (D.S.C. June 4, 2008) (citing Ward v. Conner, 657 F.2d 45, 49 (4th Cir.1981)). The plaintiff has failed to allege or show that Logan's actions were due to any class based, invidiously discriminatory racial or religious animus. The plaintiff's Section 1986 claim against Logan likewise fails. Because a Section 1986 action derives from a Section 1985 action, no claim will lie under Section 1986 if the plaintiff fails to establish a valid claim under Section 1985. See Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985) ("A cause of action based upon Section 1986 is dependent upon the existence of a claim under Section 1985."). Finally, the plaintiff has failed to state a claim

against Logan under 18 U.S.C. §§ 241, 242, 1001, 1505, 1622, or 1623 because she has not shown that a private right of action exists under these criminal statutes. See, e.g., Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"). Logan's motion to dismiss is granted.

The magistrate judge also recommended that Stefano be dismissed from this action pursuant to Fed. R. Civ. P. 4(i)(3) because the plaintiff failed to properly serve her.[6] The Court agrees with this recommendation. The plaintiff objects to this recommendation, arguing that Stefano was sufficiently served because a copy of the summons and complaint were delivered to Stefano at her work place. Pursuant to the Rule, however, this is not proper service on Stefano, and her motion to dismiss is granted.

---

[6] This rule provides that to serve a United States employee in her individual capacity "a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). Rule 4(f) (Serving an Individual in a Foreign Country) or Rule 4(g) (Serving a Minor or an Incompetent Person) do not apply. Rule 4(e) provides that an individual is served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).



Lastly, the magistrate judge recommended that Brunink, a private court reporter and transcriber, be dismissed from this action. The Court agrees. As discussed above, the plaintiff cannot state a claim pursuant to Section 1985 or Section 1986 against Brunink. Likewise, the plaintiff does not have a private cause of action under 18 U.S.C. §§ 241, 242, 1001, 1505, 1622, and 1623. Brunink is not a federal official for the purpose of a <u>Bivens</u> action, nor is she a "state actor" under Section 1983. Brunink's motion to dismiss is granted.

After conducting a <u>de novo</u> review as to objections made, and considering the record, the applicable law, the report and recommendation of the magistrate judge, and the plaintiff's objections, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the report and recommendation (Docket # 39) by reference in this Order. The motions to dismiss filed by Clemson and Logan, Stefano, and Brunink (Docket # 17, # 29, and # 34) are granted, and this matter is dismissed with prejudice.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

September ____, 2010
Charleston, South Carolina