IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Roslyn Holman, | ) | |
| | ) | Civil No. 4:09-CV-1634-CWH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Terry L. Wooten; Thomas E. Rogers, III; | ) | |
| Shari L. Stefano; Diana Gribbon Motz; | ) | |
| Roger L. Gregory; Allyson K. Duncan; | ) | |
| James William Logan, Jr., Logan, Jolly & | ) | |
| Smith, LLP; Cindy Lee Brunink, Brunink | ) | |
| Transcription Services, all their individual | ) | |
| and official capacities; and Clemson | ) | |
| University, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff's pro se motion for relief from case dismissal order and judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and (b)(6). Defendant Clemson University filed a response in opposition. For the reasons set forth below, the court denies plaintiff's motion.

**I. BACKGROUND**

On June 23, 2009, plaintiff, acting pro se, filed a complaint against defendants in federal court alleging that they violated plaintiff's First, Fifth, Seventh, and Fourteenth Amendment rights. She filed suit pursuant to the following federal statutes: 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 2000e; Section 704(a) of Title VII of the Civil Rights Act of 1964; and 18 U.S.C. §§ 241, 242, 1001, 1505, 1622, and 1623.

1

On July 9, 2009, United States Magistrate Judge Joseph R. McCrorey filed a report and recommendation (R&R) recommending dismissal of plaintiff's claims against District Judge Terry L. Wooten, Magistrate Judge Thomas E. Rogers, III, and Fourth Circuit Judges Diana Gribbon Motz, Roger L. Gregory, and Allison K. Duncan based on judicial immunity.  Plaintiff filed objections, and on February 24, 2010, District Judge C. Weston Houck filed an order (February Order) adopting Magistrate Judge McCrorey's R&R.

On March 1, 2010, Magistrate Judge McCrorey filed an R&R recommending dismissal of plaintiff's remaining claims against defendants James William Logan, Jr., Cindy Lee Brunink, and Clemson University.  Subsequently, plaintiff filed objections, and on September 30, 2010, Judge Houck filed an order (September Order) adopting the magistrate judge's March 1, 2010 R&R.

On October 26, 2010, plaintiff filed the instant motion, which she addressed to the attention of the undersigned.  Plaintiff requests relief pursuant to Rule 60(b)(4) and (b)(6) and sets forth the following sixteen arguments in support of her motion:  (1) her "constitutional deprivation, statutory and criminal claims" remain unaddressed and unresolved (Mot. Relief 2); (2) Judge Houck disregarded 42 U.S.C. § 1983; (3) the February Order was unconstitutional; therefore, Judge Houck does not have subject matter jurisdiction over the case; (4) the February Order was based on void orders and judgments from a prior case; (5) the February Order was inconsistent with procedural due process and was based on known void orders and judgments, thus constituting an abuse of discretion and a fraud upon the court; (6) Judge Houck ignored plaintiff's Rule 60(b)

motion to vacate the February Order; (7) the undersigned denied plaintiff's motion for recusal or disqualification of Judge Houck and Magistrate Judge McCrorey; (8) the February Order was void and deprived plaintiff of procedural due process, thus, Judge Houck lost subject matter jurisdiction over the case; (9) the September Order constituted a second void order; (10) Judge Houck lacks subject matter jurisdiction to file any orders in this case; (11) Judge Houck attempts to assert jurisdiction where none exists; (12) void orders and judgments were brought forth from Civil Action No. 4:05-CV-02727-TLW-TER, in which plaintiff sought relief pursuant to 42 U.S.C. § 1983; (13) the unpublished per curiam opinion of the three-judge Fourth Circuit panel is void because the Fourth Circuit did not have subject matter jurisdiction over plaintiff's case; (14) Judge Houck ignored plaintiff's Rule 60(b) motion to vacate all void orders and judgments in the record; (15) the court has ignored two motions to vacate its void orders and judgments; and (16) plaintiff's exhibits are incorrectly grouped and filed in the case docket.

On November 12, 2010, defendant Clemson University filed a response in opposition, asserting that plaintiff's motion simply repeats arguments previously rejected by the court. Clemson University also asks the court to consider awarding it costs "for having to respond to the Plaintiff's Motions wherein she presents and repeats the same meritless arguments to the Court." Resp. Opp'n. 2.

## II.  PRO SE LITIGANTS

Plaintiff is proceeding pro se in this case. Pro se complaints should be construed liberally and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978).

A district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980).  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### III.  DISCUSSION

Federal Rule of Civil Procedure 60(b)(4) allows the court to grant relief from a final judgment, order, or proceeding if "the judgment is void."  Subsection (b)(6) of the same rule allows the court to grant relief for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

"[B]efore a party may seek relief under Rule 60(b), a party must first show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'"  Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)).  "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)."  Id. (citing Werner, 731 F.2d at 207).  Plaintiff's unsubstantiated allegations fail to demonstrate any of the threshold requirements above; however, even if plaintiff were able to satisfy those requirements, her motion inevitably fails on the merits.

"An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law."  Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005) (citing

Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999)). "Despite this seemingly broad statement, we narrowly construe the concept of a 'void' order under Rule 60(b)(4) precisely because of the threat to finality of judgments and the risk that litigants . . . will use Rule 60(b)(4) to circumvent an appeal process they elect not to follow." Id. (citing Kansas City S. Ry. Co. v. Great Lakes Carbon Corp., 624 F.2d 822, 825 n.5 (8th Cir. 1980)). Although not clearly specified in the arguments listed above, in her motion, plaintiff asserts that Judge Houck lacks *both* personal and subject matter jurisdiction over her case and that he has denied her due process of law.

Simply put, plaintiff, as the initiator of a civil action, may not argue that the court lacked personal jurisdiction over her, and her arguments regarding the court's lack of subject matter jurisdiction are equally without merit. "[W]hen deciding whether an order is 'void' under Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the '" rare instance of a clear usurpation of power."'" Wendt, 431 F. 3d at 413 (citing In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir. 1972)). "A court plainly usurps jurisdiction 'only when there is a "total want of jurisdiction" and no arguable basis on which it could have rested a finding that it had jurisdiction.'" Id. (citing Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986) (quoting Lubben, 453 F.2d at 649). When plaintiff filed her complaint, she appropriately and explicitly invoked the federal question jurisdiction of the court pursuant to 28 U.S.C. §§ 1331 and 1343. See Compl. 3. She cannot now argue that the court no longer has subject matter jurisdiction or somehow "lost" subject matter jurisdiction over her case, regardless of her repeated conclusory

allegations that the judges involved in her current and prior cases entered void orders and judgments.

"Due process commands that 'deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" Girardi v. Heep, No. 98-2617, 2000 WL 1287, at *2 (4th Cir. Dec. 30, 1999) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950)); see also Mallette v. Arlington Cnty. Emps.' Supplemental Ret. Sys. II, 91 F.3d 630, 640 (4th Cir. 1996) ("At a minimum, the Constitution requires notice and some opportunity to be heard.") (citation omitted). "'The due process clause requires that every man shall have the protection of his day in court.'" Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004) (quoting Truax v. Corrigan, 257 U.S. 312, 332 (1921)).

Other than the bald assertion that void orders and judgments were entered in her case, plaintiff does not offer any evidence supporting her contention that she was denied due process of law. Plaintiff does not claim that she was denied notice or the opportunity to be heard, and a thorough review of the record reflects no such deficiencies. In fact, she has had the benefit of an appeal in addition to consideration of her case by the district court. As a result, this court finds no basis for relief pursuant to Rule 60(b)(4).

"Although Rule 60(b)(6) is a catchall provision which allows a court to grant relief for any reason, case law limits the reasons for which a court may grant relief under Rule 60(b)(6)." Dowell, 993 F.2d at 48. "[A] motion under Rule 60(b)(6) may not be granted absent 'extraordinary circumstances.'" Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004) (quoting Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 n.2 (4th Cir.

2000)).  However, a court may grant relief under that provision "if 'such action is appropriate to accomplish justice.'"  Dowell, 993 F.2d at 48 (quoting Klapprott v. United States, 335 U.S. 601, 615 (1949)).  A thorough review of the record also leads to the conclusion that plaintiff is not entitled to relief under Rule 60(b)(6).  It is apparent that plaintiff merely attempts to raise the same arguments already addressed and disposed of by this court and the Fourth Circuit and voice her displeasure with the result.  Accordingly, she has not presented any "extraordinary circumstances" justifying relief under Rule 60(b)(6).

## IV.  CONCLUSION

For the reasons set forth above, plaintiff's motion for relief from case dismissal order and judgment is hereby **DENIED.**

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**February 18, 2011**
**Charleston, South Carolina**